UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KELLEY HELLMAN,** *on behalf of herself and all others similarly situated,* <br><br> *Plaintiff,* <br><br> v. <br><br> **VW CREDIT, INC.,** <br><br> *Defendant.* | CLASS ACTION COMPLAINT <br><br> Civil Action No. <br><br> _____ |

## NATURE OF CLAIM

1.  This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to plaintiff and all other *employees* of VW Credit, Inc. ("VW Credit" or "defendant"), similarly situated, by the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.* and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL").

## JURISDICTION AND VENUE

2.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; and under 29 U.S.C. §

216(b) conferring jurisdiction of any civil action arising under the FLSA.

3. This Court's pendent jurisdiction for claims arising under Illinois law is also invoked.

4. Venue is appropriate in the Northern District of Illinois since the allegations arose in this district and plaintiff resides in this district.

## *CLASS ACTION ALLEGATIONS*

5. Plaintiff brings her FLSA claim as a collective action under 29 U.S.C. §216(b). Plaintiff's consent form to act as a representative plaintiff under the FLSA is attached hereto as Exhibit A.

6. Plaintiff brings her IMWL claim as a class action under Fed. R. Civ. P. 23.

7. The IMWL claim is properly maintainable as a class action under Federal Rule of Civil Procedure 23.

8. The class action is maintainable under subsections (1), (2), (3) and (4) of Rule 23(a).

9. The class is defined as all current and former employees whose primary job duty related to approving loans, evaluating whether to issue loans to individual loan applicants and/or evaluating loan applications under credit guides and approving loans if they meet standards and who were classified as exempt by defendant.

10. The class includes those employees whose title has been reclassified as non-exempt.

11. The class size is believed to be over 50 employees.

12. The named plaintiff will adequately represent the interests of the class members because she is similarly situated to the class members and her claims are typical of, and concurrent to, the claims of the other class members.

13. Common questions of law and fact predominate in this action because the claims of all class members are based on whether VW Credit's policy of not paying statutory overtime to employees who perform underwriting functions for hours worked in excess of forty per week violates Illinois law.

14. There are no known conflicts of interest between the named plaintiff and the other class members.

15. The class counsel, Thomas & Solomon LLP and Werman Salas P.C., are qualified and able to litigate the class members' claims.

16. The class counsel concentrate their practice in employment litigation, and their attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

17. The class action is maintainable under subsection (1) of Rule 23(b) because prosecuting separate actions by individual class members across the jurisdictions in which defendant does business would create the risk of inconsistent adjudications, resulting in incompatible standards of conduct for defendant.

18. The class action is maintainable under subsection (3) of Rule 23(b) because common questions of law and fact predominate among the class members and because the class action is superior to other available methods for the fair and efficient adjudication of the

controversy.

19. The class is also maintainable under Rule 23(c)(4) with respect to particular issues.

## *PARTIES*

### *A. Defendant*

20. Defendant VW Credit Inc. is a Delaware corporation.

21. VW Credit is an enterprise engaged in the sale of goods crossing interstate lines.

22. VW Credit employed 50 or more people during the relevant time of this lawsuit. VW Credit is an enterprise engaged in interstate commerce whose annual gross volume of sales made is not less than $500,000.

23. Defendant was plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and IMWL, 820 ILCS 105/3(d).

### *B. Plaintiff and Class Members*

24. Named plaintiff Kelley Hellman was an employee of defendant under the relevant statutes at all relevant times. Specifically, Plaintiff Hellman was employed by defendant from approximately December 2010 until November 2012 at defendant's Libertyville, Illinois location. Plaintiff Hellman customarily worked over 40 hours per week.

25. The Class Members are those employees of defendant, as defined above, who were suffered or permitted to work by defendant and not paid their statutorily required rate of pay for all hours worked.

## *FACTUAL BACKGROUND*

26. Named plaintiff, and other employees similarly situated to named plaintiff, customarily worked more than 40 hours in a week and were not compensated at a rate of one-and-a-half times their hourly rate as required by the FLSA and Illinois law.

27. VW Credit is in the business of extending credit to customers.

28. One of the products VW Credit produces for its customers is loans.

29. Underwriting job functions are integral to VW Credit's production of these products.

30. Defendant's policy is to not pay statutory overtime to employees who perform the job functions set forth above.

31. This policy of not paying statutory overtime to employees who perform underwriting functions exists in all VW Credit facilities everywhere in the country.

32. This is a nationwide policy.

33. VW Credit's policy of not paying statutory overtime to employees who perform underwriting job functions is long-standing and, upon information and belief, has been in effect for at least six years.

34. This failure to pay overtime as required by the FLSA and Illinois law was willful.

35. Defendant has failed to maintain adequate and required records on the hours worked by the plaintiff and class members as required by the FLSA and Illinois law.

36. Defendant has failed to pay plaintiff's and class members' wages as required by Illinois law.

## FIRST CAUSE OF ACTION
## FLSA

37. Plaintiff realleges the above paragraphs as if fully restated herein.

38. Defendant violated its obligations under the FLSA and is liable to the named plaintiff and those plaintiffs similarly situated.

## SECOND CAUSE OF ACTION
## IMWL

39. Plaintiff realleges the above paragraphs as if fully restated herein.

40. Defendant violated its obligations under the IMWL and is liable to named plaintiff and those plaintiffs similarly situated.

**WHEREFORE**, plaintiff demands judgment against defendant in her favor and that she be given the following relief:

   a) an order preliminarily and permanently restraining defendant from engaging in the aforementioned pay violations; and

   b) an award to plaintiffs of the value of the hours and wages which were not properly compensated under the FLSA and Illinois law; and

   c) liquidated damages under the FLSA equal to the sum of the amount of wages and overtime which were not properly paid to plaintiffs; and

   d) prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a); and

   e) an award to plaintiffs of the actual losses sustained by plaintiffs as a direct result of the violation; and

   f) an award of consequential damages to plaintiffs as a result of the acts and practices of defendant; and

g) an award of compensatory damages in an amount determined by the jury to be able to reasonably compensate plaintiffs; and

h) an award of attorneys' fees, expenses, expert fees and costs incurred by plaintiffs in vindicating their rights; and

i) an award to plaintiffs of the value of the unpaid back wages due defendant's employees; and

j) an award of pre and post judgment interest; and

k) such other and further legal or equitable relief as this Court deems to be just and appropriate.

Respectfully submitted,

Dated: February 25, 2015

s/ Douglas M. Werman
One of Plaintiff's Attorneys

**WERMAN SALAS P.C.**
Douglas M. Werman, Esq.
77 W. Washington Street, Suite 1402
Chicago, IL 60602
(312) 419-1008
dwerman@flsalaw.com

**THOMAS & SOLOMON LLP**
J. Nelson Thomas, Esq. (*pro hac vice admission anticipated*)
Michael J. Lingle, Esq. (*pro hac vice admission anticipated*)
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com