IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KELLEY HELLMAN, | ) |
|       Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 15 C 1693 |
| VW CREDIT, INC., | ) ) ) |
|       Defendant. | ) ) |

**ORDER ON DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY CASE**

     Kelley Hellman worked for VW Credit, Inc. from 2010 through 2012. She alleges that she customarily worked more than forty hours per week and should have been paid overtime wages but was not. Hellman has filed suit under the Fair Labor Standards Act and the Illinois Minimum Wage Law. She alleges that there are other similarly situated employees, and she seeks to maintain her FLSA claim as a collective action and her IMWL claim as a class action.

     VW Credit has moved to stay Hellman's suit and compel arbitration of her claim. It relies on an agreement she signed when VW Credit hired her. The agreement says, in relevant part, that "Any and all disputes which involve or relate in any way to Employee's employment (or termination of employment) with [VW Credit], whether initiated by Employee or [VW Credit], shall be submitted to and resolved by final and binding arbitration." Def.'s Ex. B ¶ 1. The agreement further says that it is intended to cover all civil claims relating to Hellman's employment or its termination, except for claims for worker's compensation or unemployment compensation, union-related matters governed by a collective bargaining agreement, and ERISA matters covered by an ERISA plan with a dispute resolution mechanism. *Id.* ¶ 4.

     Arbitration is a matter of contract, *see, e.g., AT&T Mobility, LLC v. Concepcion*, 131 S Ct. 1740, 1745 (2011), and in this case the contract plainly covers Hellman's claims, which undeniably relate to her employment. There is no exception for statutory

claims like FLSA and IMWL claims, *see, e.g., Marzano v. Proficio Mortg. Ventures, LLC*, 942 F. Supp. 2d 781, 798-91 (N.D. Ill. 2013) (citing cases); Hellman cites no law to the contrary.

  Hellman contends that the agreement is unenforceable because it precludes her from obtaining an award of attorney's fees from an arbitrator if she prevails on her claims, even though attorney's fees are available to a prevailing plaintiff under the FLSA and the IMWL. This, as VW Credit correctly points out, is a misreading of the parties' agreement. The agreement specifically states that "[t]he arbitrator shall have the authority to award any form of remedy or damages available in a court," Def.'s Ex. B ¶ 10, and the Court agrees with VW Credit that because attorney's fees is an available remedy under the FLSA and IMWL, an arbitrator can award this. This is not undermined, as Hellman contends, by the agreement's provision that the employee "understand[s] and agree[s] that, at my expense, I have the right to hire an attorney to represent me in the arbitration." *Id.* ¶ 15. This simply makes it clear that it is up to the employee to decide whether to retain counsel and that she is on her own in doing so, not that she cannot recover attorney's fees if she prevails. Because the agreement makes it abundantly clear that an arbitrator can award statutory attorney's fees under the FLSA and IMWL, the Court overrules Hellman's unconscionability challenge.

  For these reasons, the Court grants defendant's motion to compel arbitration and stay the case [# 26-1 & 2]. Plaintiff's motions to certify a class [# 4] and to send notice to potential opt-in plaintiffs [# 6] are terminated without prejudice. The status and ruling date of 5/28/2015 are vacated. The parties are directed to submit plaintiff's claims to arbitration, and they are to both take prompt steps to begin the arbitration process. The present case is stayed pending completion of the arbitration. The Clerk is directed to administratively terminate the case. Any party seeking to revive the case should file a motion to reinstate.

_____<br>
MATTHEW F. KENNELLY<br>
United States District Judge

Date: May 26, 2015